IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

GLORIA PATTERSON,

       Plaintiff,

vs.                                     Civil Action Number:  2:18-cv-00847

LIFE INSURANCE COMPANY OF
NORTH AMERICA, and TRUSTEE
OF THE GROUP INSURANCE TRUST
FOR EMPLOYEES IN THE SERVICES
INDUSTRY,

       Defendants.

## COMPLAINT

AND NOW, comes the Plaintiff, Gloria Patterson, by and through her undersigned counsel, Gregory G. Paul, and files the within Complaint, to obtain declaratory relief, and recover denied benefits including life insurance for spousal coverage under breach of contract, basic waiver of premium for life insurance for herself under an ERISA employee benefit plan, and waiver of supplemental life insurance under breach of contract and to recover costs, prejudgment interest and attorney's fees.

## JURISDICTION AND VENUE

1.     This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under §502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties with respect to plaintiff's basic waiver of premium for life insurance because the employer paid the premiums. This Court has supplemental jurisdiction and diversity jurisdiction over plaintiff's claim for waiver of premium for supplemental life insurance for

1

herself and for her life insurance claim for her deceased husband because both of these premiums were paid by plaintiff. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and because the subject dispute is between citizens of different states.

2. Venue is properly laid in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the subject employee benefit plan is administered in this district, the breaches of duty herein alleged occurred in this district, and one or more of the defendants resides or is found in this district, and pursuant to 28 U.S.C. §1391(b), in that the causes of action arose in this district.

## PARTIES

3. Plaintiff, Gloria Patterson, is an adult individual who resides in Sandyville, West Virginia (Jackson County). Mrs. Patterson asserts claims for waiver of premium for life insurance and her claim as a beneficiary of the supplemental spousal life insurance.

4. Defendant, Life Insurance Company of North America d/b/a Cigna Group Insurance ("LINA"), is the Plan administrator and insurer and conducts its business including the denial letters issued from Pittsburgh, PA 15242.

5. Defendant, Trustee of the Group Insurance Trust for the Employees in the Services Industry, is a benefit plan as defined by ERISA doing business in West Virginia.

## SUMMARY OF ACTION

6. Mrs. Patterson has a long and varied work history as a waitress, beautician and working on an assembly line at a wiring plant. She was a housewife until 40 years of age and then attended Roane-Jackson Technical Center to become trained as a Licensed Practical Nurse.

7. After working at the Charleston Area Medical Center and Sweetbriar Nursing Home, Mrs. Patterson worked as a Licensed Practical Nurse at St. Francis Hospital in Charleston until she was unable to continue working on June 26, 2013.

8. Mrs. Patterson was eligible to receive long-term disability coverage and waiver of premium for life insurance in the amount of $15,000. These premiums were paid by her employer.

9. Mrs. Patterson separately bought additional life insurance for herself in the amount of $87,500. She also separately purchased life insurance coverage for her spouse in the amount of $40,000. Mrs. Patterson paid these premiums 100% with her own money without contribution from the employer. The long-term disability policy is identified as FLK0960514; the life insurance policy is identified as FLX0963771. However, both the long-term disability and life insurance claims are identified under "Incident Number: 3019771".

10. Defendants paid Plaintiff disability benefits through August 14, 2014 when CIGNA denied Plaintiff's long-term disability benefits concluding he was capable of returning to work as a Licensed Practical Nurse. Mrs. Patterson hand wrote a letter dated February 11, 2015 stating in part as follows: "This is a letter of appeal to the decision made on my long term disability insurance and the waiver of my life insurance policies".

11. CIGNA upheld the denial in a letter dated December 18, 2015 and again on May 4, 2016. No mention was made that any appeal was untimely for the waiver of life insurance policies based upon an earlier letter dated May 22, 2014.

12. In a letter dated May 10, 2017, CIGNA reinstated long-term disability benefits. No mention was made about the waiver of life insurance policies.

13. On June 16, 2017, Ms. Patterson provided notice of claim to CIGNA that her husband, Darrell Patterson, had passed away and requested an application for life insurance. On June 26, 2017, CIGNA stated that "Mr. Patterson does not have a life insurance policy connected to Mrs. Patterson's long term disability".

14. In a letter dated August 3, 2017, CIGNA wrote that Ms. Patterson's Waiver of Premium coverage was originally denied on May 22, 2014 but acknowledged that Ms. Patterson appealed this decision that was upheld on April 29, 2015. Cigna noted that a second, presumably voluntary appeal, had to be filed within 180 days or October 29, 2015. Mrs. Patterson never received a letter dated April 29, 2015 from CIGNA. In any event, the life insurance policy only requires one appeal, which Mrs. Patterson filed and therefore exhausted administrative procedures, resulting in this timely appeal.

15. As a result of Defendant's denial of waiver of premium coverage and the claim for spousal life insurance, Plaintiff has not received the coverage for herself and life insurance benefits to which she is entitled under the insurance policies referenced under Incident Number 3019771.

### COUNT I
### (CLAIM FOR WAIVER OF PREMIUM FOR LIFE INSURANCE BENEFITS UNDER THE PLAN- 29 USC 1132(a)(1)(B))

16. Paragraphs 1-15 are re-alleged and incorporated by reference as if fully set forth herein.

17. The Plan provides the Plaintiff is entitled to waiver of premiums including for life insurance ("Waiver of Premium Benefits") based upon her becoming disabled within the meaning of the Plan.

18. Plaintiff has established her disability within the meaning of the Plan and is entitled to waiver of premium for life insurance benefits because she is unable to perform all the

material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience.

19. On or about May 22, 2014, Defendant denied Waiver of Premium/Life Insurance benefits. Plaintiff is entitled to this coverage under the Plan because her medical conditions prevent her from performing all the material duties of any occupation for which she may reasonably become qualified based on education, training or experience.

20. Defendants' denial of Waiver of Premium/Life Insurance benefits constitutes denial of benefits governed by ERISA and adversely affects her eligibility for continuing waiver of premiums including life insurance coverage.

21. CIGNA claims to have issued a denial letter dated April 29, 2015. Presumably, a second appeal would have been voluntary, if not considered during the appeal of long-term disability benefits under Incident Number 3019771. While plaintiff maintains that the waiver of premium for life insurance policies was appealed and overturned under the same incident number as long-term disability, this complaint seeks to overturn that denial.

## COUNT II
### (BREACH OF CONTRACT FOR DENIAL OF WAIVER OF PREMIUM FOR SUPPLEMENTAL LIFE INSURANCE)

22. The allegations in paragraphs 1 through 21 are incorporated herein.

23. Mrs. Patterson has satisfied all conditions precedent to coverage under the life insurance coverage.

24. In addition to basic coverage, Ms. Patterson purchased supplemental coverage in the amount of $87,500.

25. As of August 3, 2017, CIGNA maintained its denial of coverage.

26. As a result of this denial, Mrs. Patterson has been denied coverage in excess of $75,000.00.

## COUNT III
### (BREACH OF CONTRACT FOR DENIAL OF SPOUSAL LIFE INSURANCE)

27. The allegations in paragraphs 1 through 26 are incorporated herein.

28. Mrs. Patterson has satisfied all conditions precedent to coverage under the supplemental policy for which she paid 100% of the premiums in the amount of $12.92 per month.

29. The policy provides coverage for life insurance upon the death of her spouse, Darrell Patterson.

30. CIGNA denied coverage in its letters dated June 26, 2017 and August 3, 2017.

## COUNT IV
### (BAD FAITH PURSUANT TO W. VA. CODE 33-11-4 AND COMMON LAW BAD FAITH FOR DENIAL OF SUPPLEMENTAL WAIVER OF PREMIUM FOR LIFE INSURANCE AND DENIAL OF SPOUSAL LIFE INSURANCE CLAIM)

31. The allegations in paragraphs 1 through 30 are incorporated herein.

32. CIGNA has engaged in bad faith conduct regarding its handling of Mrs. Patterson's claims including, but not limited to, the following:

 (1) repeatedly violating the prohibition under the Uniform Insurance Practices Act, and regulations promulgated thereunder against an insurer "[m]isrepresenting pertinent facts or policy or contract provisions relating to the coverage at issue";

 (2) adopting a manifestly unreasonable and unsupportable interpretation of the appeal procedures to provide a pretextual justification for terminating benefits disguised under the same incident number;

 (3) adopting corporate policies regarding claims handling that were designed to enhance corporate profits by denying or terminating claims including notifying plaintiff of lack of coverage after a claim for life insurance was submitted.

33. CIGNA's conduct described in detail in the previous paragraph constitutes statutory bad faith.

34. As a direct result of CIGNA's bad faith conduct, Mrs. Patterson has suffered great financial hardship and substantial damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

(1) awarding her damages for benefits that Defendant should have paid since August 2017 through the present plus interest;

(2) declaring that Defendants must reinstate the waiver of premiums for the life insurance policies;

(3) finding that Defendant has engaged in statutory bad faith and, accordingly, awarding interest, attorney's fees, and punitive damages;

(4) finding that Defendant has engaged in common law bad faith and, accordingly, awarding compensatory damages (including reimbursement for all costs associated with this action), interest, and attorney's fees and costs; and

(5) granting such other relief as the Court deems proper.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

MORGAN & PAUL, PLLC

  /s/Gregory G. Paul
GREGORY G. PAUL
WV ID No.: 8129
First and Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA  15222
(412) 259-8375
(888) 822-9421 (facsimile)
gregpaul@morgan-paul.com

Attorney for Plaintiff

Dated:  May 2, 2018